In the Matter of CITIZENS WATER SUPPLY COMPANY OF NEW-TOWN, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, July 15, 1976

*Tanner & Friedman, P. C. (Arthur S. Friedman* and *Peter N. Wang* of counsel), for petitioner.

*Peter H. Schiff (John C. Crary* of counsel), for respondent.

GREENBLOTT, J. The sole question in this proceeding is the propriety of the refusal by the respondent (P.S.C.) to permit petitioner to file a tariff containing a surcharge designed to recoup revenue sufficient to provide for Federal income taxes for a certain 10-month period between an initial refusal to allow for Federal income tax expense and the eventual allowance for such expense after rehearing at which additional evidence was presented.

Petitioner filed an application for revised rates, claiming a Federal income tax liability of $138,916 using a maximum rate of 48% in its computations, which figure was subsequently revised to $114,863. After petitioner refused on the ground of irrelevancy to provide copies of the consolidated Federal income tax returns of petitioner's parent company, I.U. International, the hearing examiner recommended no allowance for income tax, adopting the commission staff's position that petitioner had not sustained its burden of proof with respect to an allowance for income tax. The P.S.C. adopted the hearing examiner's recommendation, stating: "Staff's request for the consolidated tax returns of IU International was reasonable and necessary to properly verify the income tax deductions used by Citizens in its tax computations. The company's refusal to supply the actual tax returns precluded staff from determining whether Citizens would have a tax liability and, if so, the proper amount."

On December 11, 1973, the company filed a petition for rehearing, which was granted for the purpose of introducing evidence of entitlement to an allowance for Federal income taxes. In an opinion dated September 26, 1974, the commission authorized petitioner to increase its rates to include an allowance for income taxes based on the maximum tax rate of 48%, the rate to which petitioner had claimed entitlement in the original hearings. In this respect, the commission departed from a policy it had recently adopted of granting allowances for income taxes based on the effective rate payable by the consolidated group.

On November 7, 1974, petitioner moved the commission for an order permitting it to file new tariff leaves containing a surcharge sufficient to enable it to recover, by way of restitution, revenues adequate to make it whole for the revenues which it alleged it had been deprived of by the November 13, 1973 order denying it any provision for Federal income taxes. Denying the surcharge request, the commission stated that the original denial resulted not from any commission error

but from the company's own failure to meet its burden of proof, and that the determination of the rate at which allowance for taxes would be permitted, which was resolved as a matter of policy, was unrelated to the question of whether petitioner in the initial hearing had met its burden of proving any entitlement to an allowance.

The company then petitioned for a rehearing which was denied.

In our view, the determination of respondent must be confirmed. Petitioner has the burden of proof that a proposed rate is just and reasonable (Public Service Law, § 89-c, subd 10). While petitioner claims that the consolidated returns of I.U. International were irrelevant and that other evidence existed to substantiate its claim, we find nothing in the record presently before us which indicates that the P.S.C. had before it evidence upon which petitioner's income tax liability was determinable. In fact, the consolidated returns were ultimately submitted in evidence upon rehearing, and P.S.C. expressly noted that its subsequent decision to grant an allowance for income tax liability "could not have been made had the company continued to withhold [the consolidated returns]." Even if petitioner was entitled at all times to an allowance based on the 48% rate which it claimed, it was still appropriate for respondent to require proof as to the taxable income to which such rate would be applicable, so that the propriety of deductions and other components of such taxable income could be determined. While petitioner objects to the timing of a commission change of policy on the rate governing allowances for income tax liability, there is nothing to indicate any departure from past practice with regard to the production of consolidated returns by members of consolidated groups in rate cases. The original decision not to grant a tax allowance having thus been based on petitioner's failure to meet its burden of proof, and not on error of fact or law by the commission, the denial of recoupment of amounts petitioner might have been entitled to had it complied in the first instance was not arbitrary or capricious or an abuse of discretion, nor was it confiscatory.

The determination should be confirmed, and the petition dismissed, without costs.

KOREMAN, P. J., KANE, MAHONEY and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.